UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CHRISTOPHER D. R.,[1]                      )
                                           )
                   Plaintiff,              )
                                           )
         v.                                )      No. 4:24-cv-00172-KMB-TWP
                                           )
FRANK BISIGNANO,                           )
                                           )
                   Defendant.              )

## <u>ORDER DENYING PLAINTIFF'S FIRST MOTION TO ALTER JUDGMENT</u>

Pending before the Court is Plaintiff Christopher R.'s First Motion to Alter Judgment Under

Rule 59(e), [dkt. 19], which he filed after this Court entered judgment affirming the decision of

the Administrative Law Judge ("ALJ") to not award him benefits from the Social Security

Administration ("SSA"), [dkts. 17; 18]. The Commissioner filed a response in opposition to

Christopher's Motion to Alter Judgment. [Dkt. 20.] Christopher did not file a reply brief, and the

time to do so has passed. For the reasons stated herein, the Court **DENIES** Christopher's motion.

## I.      RELEVANT LEGAL STANDARD

The purpose of a motion to alter or amend judgment under Federal Rule of Civil Procedure

59(e) is to ask a court to reconsider matters "properly encompassed in a decision on the

merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be

successful only where the movant clearly establishes: (1) that the court committed a manifest error

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinion.

of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.    DISCUSSION

In its Order affirming the ALJ's decision in this case, the Court noted that Christopher raised one overarching issue for the Court's review, which was whether the ALJ improperly evaluated the opinion of consultative examiner Dr. Cabezas. [Dkt. 17 at 6.] The Court noted that Christopher presented three reasons why he thought the ALJ erred regarding Dr. Cabezas's opinion, and the Court addressed each of those arguments in turn. [*Id.* at 6-12.] Ultimately, the Court concluded that the ALJ reasonably found portions of Dr. Cabezas's opinion inconsistent with the broader treatment record, was not required to recontact Dr. Cabezas for clarification because the record was adequate to evaluate the claim, and sufficiently built a logical bridge between the evidence and the residual functional capacity determination. [*Id.*]

In the pending Motion to Alter Judgment, Christopher argues that the Court failed to explicitly address his argument concerning the ALJ's evaluation of Dr. Cabezas's opinion. [Dkt. 19 at 2.] Specifically, Christopher contends that if the ALJ believed Dr. Cabezas's consultative

examination opinion was vague, the ALJ was required under 20 C.F.R. § 404.1519p to recontact Dr. Cabezas for additional explanation and the Court should have remanded on that basis. [*Id.* (citing dkt. 13 at 16).] Christopher argues that the SSA regulations impose a mandatory duty to recontact consultative examiners when clarification is needed, unlike the more permissive standards governing treating sources, and that courts have recognized the significance of that distinction. [*Id.* at 3.] In support, Christopher points to recent decisions from this District interpreting 20 C.F.R. § 404.1519p to require an ALJ to seek clarification from a consultative examiner when the ALJ discounts the opinion as vague or otherwise deficient. [*Id*. at 3-4 (citing *Mark R. v. Bisignano*, 2026 U.S. Dist. LEXIS 20792, at *8-10 (S.D. Ind. Feb. 2, 2026); *La'Toya R. v. Bisignano*, 2025 U.S. Dist. LEXIS 92634 (S.D. Ind. May 15, 2025)).] Christopher contends those decisions recognize that the consultative-examiner regulations are more specific and control in this circumstance. [*Id*. at 4-5.]

In his opposition to Christopher's motion, the Commissioner argues that 20 C.F.R. § 404.1519p only requires the ALJ to contact the consultative examiner "[i]f the report is inadequate or incomplete." [Dkt. 20 at 2 (citing 20 C.F.R. § 404.1519p).] The Commissioner points to the Program Operations Manual System ("POMS"), which states that certain information must be in the consultative examiner's report for it to be complete. [*Id.*] This information includes whether the claimant is properly identified, whether all pages of the report were received, whether it is internally consistent, whether it addresses relevant complaints, whether it is signed, and other information relevant to the report's completeness. [*Id.* (citing POMS DI 22510.020(A)(3)).] The Commissioner argues that Dr. Cabezas's report was "complete" under this framework and that the ALJ did not find the opinion deficient or reject it outright, instead finding it "somewhat persuasive" insofar as it supported limitations to simple tasks and restricted social interaction, while concluding

that the more extreme limitations were inconsistent with Dr. Ismail's treatment notes. [*Id.* at 4.] According to the Commissioner, that outcome is not the same as finding the consultative opinion deficient such that the ALJ was required to recontact Dr. Cabezas. [*Id.* (distinguishing *Paul v. Berryhill*, 760 F. App'x 460, 464 (7th Cir. 2019) (holding that the ALJ should have sought clarification before discounting an examining physician's opinion outright despite the opinion being consistent with the claimant's treatment records)).]

Christopher did not file a reply brief in support if his motion. The Court may construe the failure to file a reply brief "as an acknowledgement of the correctness" of the position of the party opposing the motion. *See Slack v. Carey*, 2023 WL 12175928, at *3 (S.D. Ind. Oct. 18, 2023). While the Court does construe Christopher's failure to file a reply brief as an acknowledgement of the correctness of the Commissioner's opposition arguments, in the interests of justice, the Court will still address the merits of the arguments made by Christopher in support of his pending motion.

After having reviewed the arguments made by Christopher in support of his motion and the Commissioner's arguments in opposition to the motion, the Court agrees with the Commissioner that Christopher has not met the burden for the Court to alter or amend its previously-issued judgment. The ALJ did not determine that Dr. Cabezas's consultative examination report was "inadequate or incomplete" within the meaning of 20 C.F.R. § 404.1519p. Rather, the ALJ found Dr. Cabezas's opinion only "somewhat persuasive" because portions of the assessed limitations were inconsistent with the broader treatment record. [Dkt. 10-10 at 17.] For example, Dr. Cabezas assessed significant limitations in Christopher's capacity for social interaction based in part on Christopher's self-reported mood instability, [dkt. 10-16 at 86], and the ALJ found those limitations inconsistent with treatment notes from Dr. Ismail reflecting that Christopher was doing well on medication and generally presented with normal mental-status

findings, including a calm and cooperative demeanor, euthymic mood, and intact memory and cognition, [dkt. 10-10 at 17]. An ALJ's determination that an opinion is inconsistent with other evidence in the record is not the same as finding the consultative examination report itself incomplete or deficient such that recontact is required under §404.1519p. See 20 C.F.R. § 404.1519n(c) (describing the requirements for a complete consultative examination report).

Christopher correctly notes that §404.1519p specifically addresses insufficiencies in consultative examination reports, whereas §416.920b concerns insufficiencies in the broader case record. [Dkt. 19 at 4.] But that distinction does not alter the outcome here because the ALJ did not reject Dr. Cabezas's opinion due to a lack of information or an inability to understand the report. Rather, the ALJ primarily discounted portions of the opinion because they were inconsistent with the broader treatment record and only additionally observed that certain terminology used by Dr. Cabezas carried limited vocational specificity. [Dkt. 10-10 at 17.] As this Court previously explained, the ALJ's primary concern was the inconsistency between Dr. Cabezas's opinion and the broader treatment record, not any inadequacy in the actual report itself. [Dkt. 17 at 7]; *contra La'Toya R.*, 2025 LEXIS 12428, at *11-14 (finding reversible error where the ALJ treated the consultative examiner's report itself as vague and incomplete, triggering a duty to recontact the examiner under § 416.919p). By explaining why he discounted Dr. Cabeza's opinion when considering the broader record, the ALJ built "an accurate and logical bridge between the evidence and the result," which is what is required under the substantial evidence standard. *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).

For the same reason, the Court also finds Christopher's reliance on *Mark R.* unpersuasive. That case concluded that the ALJ's additional reasons for discounting the consultative examiner's opinion beyond vagueness did not build the required logical bridge between the evidence and the

conclusion reached. *Mark R.*, 2026 LEXIS 42896 at *11-12. When the ALJ in *Mark R.* found the consultative examiner's opinion in that case internally inconsistent in addition to being vague, such a finding further supported the need for the ALJ to seek clarification from the examiner. *Id.* In addition to vagueness and internal inconsistency of the consultative examiner's report, the ALJ in *Mark R.* discounted the opinion based on isolated observations that the claimant was alert and oriented and spent time watching movies, despite including no concentration-related limitations in the residual functional capacity. *Id.* Thus, *Mark R.* concluded that the "ALJ's other reasons for discounting [the consultative examiner] missed the substantial evidence mark." But unlike the ALJ in *Mark R.*, the ALJ in Christopher's case identified substantial evidence supporting his decision to discount portions of Dr. Cabezas's opinion.

Christopher also argues that there is no practical difference between his case and *Michael B. v. Dudek*, 2025 U.S. Dist. LEXIS 51179 (S.D. Ind. March 20, 2025), but Christopher does not explain how the cases are analogous and instead simply pastes a four-paragraph block quotation from *Michael B.* into his brief. The Court need not address that argument further, as perfunctory and undeveloped arguments are waived. *See, e.g.*, *Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Waiver notwithstanding, however, to the extent Christopher includes that block quote to argue that the ALJ in his case improperly filled an evidentiary gap with his own lay interpretation of the medical data, this argument is unconvincing. The ALJ in *Michael B.* failed to adopt any medical opinion at all, causing the judge in that case to conclude that the ALJ "was left without any medical opinions to rely on to interpret the medical date in the case and craft an RFC." *Michael B.*, 2025 U.S. Dist. LEXIS 51179, at *10. No such evidentiary deficient exists here, given that the ALJ in Christopher's case considered the medical opinions presented and incorporated the

6

medical findings substantiated by the evidence into the RFC determination.  [*See* dkt. 10-10 at 18-19.]

For all of these reasons, the Court agrees with its previous conclusion that the ALJ in Christopher's case did not err when he found Dr. Cabezas's opinion inconsistent with the broader medical record.  The Court emphasizes that the ALJ did not find Dr. Cabeza's report incomplete or outright reject it; rather the ALJ found it "somewhat persuasive" insofar as it supported limitations to simple tasks and restricted social interaction, while concluding that the more extreme limitations were inconsistent with another provider's treatment notes.  [Dkt. 10-10 at 17.]  An ALJ may choose to give more weight to an opinion that is more consistent with the evidence in the record.  20 C.F.R. § 416.927(c)(4); *Casten v. O'Malley*, 2024 U.S. App. LEXIS 30054 at *10 (7th Cir. Nov. 26, 2024) ("We will not disturb an ALJ's decision to discount a medical opinion that is contradicted by medical evidence in the record that the ALJ relied upon.").  Because Christopher has not met the burden to show that the Court committed a manifest error of law warranting amending the judgment entered pursuant to Rule 59(e), the Court denies his Motion to Alter Judgment.

### III.   CONCLUSION

For the reasons explained herein, Christopher's Motion to Alter Judgment Pursuant to Rule 59(e) is **DENIED**.  [Dkt. 19.]

Date: 5/22/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via Court's CM/ECF System